IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIRON CONSTRUCTION CO., INC.,

                        Plaintiff,                       ORDER

    v.

                                            12-cv-412-wmc

STRUCTURAL STEEL OF ST. PAUL, INC.,

                        Defendant.

---

In light of this court's earlier entry of default, the court held a hearing today regarding plaintiff Miron Construction Co., Inc.'s motion for default judgment (dkt. #8), at which plaintiff appeared through counsel. For the first time in this litigation, Benjamin Morrow sought to appear on behalf of defendant Structural Steel of St. Paul, Inc. Morrow identified himself as defendant's "President," but is not a licensed attorney. As such, he cannot represent the defendant, a corporate entity.[1]

Plaintiff filed an affidavit from its counsel in support of its motion for default judgment, which adequately supports its request for costs and attorney's fees. (Horne Aff. (dkt. #9)). Plaintiff's counsel does not, however, have personal knowledge of Miron's damages, nor of the amount that would make it whole. Accordingly, plaintiff will be

---

[1] Artificial entities like corporations may appear in federal court only through licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). "[T]he right to conduct business in a form that confers privileges," such as limited personal liability for shareholders, "carries with it obligations, one of which is to hire a lawyer if you want to sue or defend on behalf of the entity." *U.S. v. Hagerman*, 545 F.3d 579, 583-84 (7th Cir. 2008).

given an opportunity to submit an affidavit from someone with firsthand knowledge of its actual damages resulting from defendant's breach of contract.

Once plaintiff serves the necessary affidavit setting forth the factual basis for its damages claim, defendant may have seven days to object. Defendant is again advised, however, that any objection "must be signed by at least one attorney of record in the attorney's name." Fed. R. Civ. P. 11.

ORDER

IT IS ORDERED that:

1. Plaintiff Miron Construction Co., Inc.'s motion for an award of costs and attorney's fees in the amount of $445.50 and $3,019.50, respectively (dkt. #8), is GRANTED.

2. Plaintiff's motion for an award of monetary damages and for entry of default judgment (dkt. #8) is RESERVED. Plaintiff may supplement its proof of damages by filing one or more affidavit(s) from those with personal knowledge, setting forth proof of plaintiff's damages.

3. **Within seven days of service of the above-referenced affidavit(s), counsel for defendant Structural Steel of St. Paul, Inc. may file an objection to plaintiff's damage estimate and any opposing affidavit(s).**

4. If necessary, the court will set an evidentiary hearing to address any genuine disputes of material fact as to damages; otherwise, the court will enter default judgment in the amount established by plaintiff.

Entered this 29th day of August, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge